599 P.2d 266 (1979)
Alex ARGUELLO and Gloria M. Arguello, Plaintiffs-Appellants,
v.
The STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant-Appellee.
No. 78-814.
Colorado Court of Appeals, Div. II.
April 19, 1979.
Rehearing Denied May 10, 1979.
Certiorari Denied August 20, 1979.
*267 Lee N. Sternal, Pueblo, for plaintiffs-appellants.
Laurence A. Ardell, Pueblo, for defendant-appellee.
ENOCH, Judge.
Relying upon the uninsured motorist provision of an insurance policy issued by defendant, State Farm Mutual Insurance Company, plaintiffs, the Arguellos, sought additional recovery for injuries sustained in an accident. They appeal from the trial court judgment in favor of defendant. We affirm.
Plaintiffs owned two automobiles, a Toyota and an Oldsmobile, each of which was insured under a separate policy with State Farm. Each policy provided for "uninsured motorist" coverage in the amount of $15,000. On July 1, 1973, while plaintiffs were riding in their Toyota, they were involved in an accident with an uninsured motorist which caused injuries to Alex Arguello. It was stipulated that his damages exceeded $30,000. Pursuant to the uninsured motorist coverage of the Toyota policy, State Farm paid $15,000 to Alex Arguello for his injuries. When he attempted to recover an additional amount under the Oldsmobile uninsured motorist provision, however, State Farm resisted the "stacking." In addition, State Farm refused to compensate Gloria Arguello on her claim for damages resulting from loss of consortium. The trial court held for State Farm on both issues.
Plaintiffs first contend that because they paid two separate premiums for uninsured *268 motorist coverage, Alex Arguello should be compensated by State Farm under both policies so that he will receive $30,000 for the injuries he sustained. We disagree.
The "uninsured motor vehicle coverage" provision of each of the policies provides, in pertinent part, that the insurer will pay all sums an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle, with the exception that the insurance does not apply "[t]o bodily injury to an insured while occupying . . a motor vehicle owned by the named insured. . . if such vehicle is not an owned motor vehicle." Each of the emphasized words in the provision is identified as having a particular technical meaning defined within the terms of the policy.
Contrary to plaintiffs' argument, this provision is not ambiguous. According to the policy definition, "owned motor vehicle" means "the motor vehicle or trailer described in the declarations" of the particular policy and includes a temporary substitute or a newly acquired automobile. Thus the exclusion applies whenever an insured is occupying a vehicle which is owned by the named insured but which is not insured under the policy in question. Applying this section to the facts of this case, we conclude that the Oldsmobile policy by its terms does not provide uninsured motorist coverage when plaintiffs are occupying their Toyota (insured by a separate State Farm policy) because the Toyota is not an insured vehicle under the Oldsmobile policy.
We also find no merit in plaintiffs' contention that this limitation violates the statutory intent of §§ 10-4-319 and 320, C.R.S. 1973. In Alliance Mutual Casualty Co. v. Duerson, 184 Colo. 117, 518 P.2d 1177 (1974), the Colorado Supreme Court stated that:
"[T]he legislative intent is satisfied by coverage which assures that one injured by an uninsured motorist will be compensated at least to the same extent as one injured by a motorist who is insured in compliance with the Motor Vehicle Financial Responsibility Law."
So long as a policy assures payment of the statutory minimum, a limitation is not repugnant to the statute. Alliance Mutual Casualty Co. v. Duerson, supra. See Nationwide Mutual Fire Insurance Co. v. Newton (No. C-1568, annc'd April 30, 1979). Each of the State Farm policies insures the policy holder up to the minimum amount of uninsured motorist coverage. State Farm has paid plaintiffs the amount to which they were entitled under the Toyota policy. Therefore this limitation in the Oldsmobile policy precluding recovery of an additional $15,000 is not repugnant to the statute. Had plaintiffs desired more extensive coverage, they could have purchased more than the statutory minimum of uninsured motorist insurance. Alliance Mutual Casualty Co. v. Duerson, supra.
Plaintiffs' final contention is that the trial court erred in holding State Farm not liable under the terms of both policies for damages to Gloria Arguello for loss of consortium. We disagree. Even if both policies were available, Gloria Arguello is precluded from recovering under either policy.
One of the conditions of each policy is that the maximum amount recoverable by each person, here $15,000, is "the limit of the company's liability for all damages, including damages for care and loss of services, arising out of bodily injury sustained by one person in any one accident. . ." Where the accident involves "bodily injury" to more than one person, the limit of liability is $30,000 total. As noted above, Alex Arguello's injuries exceed the maximum allowed for damages from injuries to him. Plaintiffs' argument is that the damages resulting from the loss of consortium are a "bodily injury" to Gloria Arguello, and she is entitled to compensation under the provision allowing for recovery up to $30,000 when bodily injury occurs to more than one person.
We find no merit in plaintiffs' assertion. Nothing in the statutes suggests that the General Assembly considered loss of consortium to be a separate bodily injury which must be insured against in all insurance policies. See § 10-4-319, C.R.S. 1973, and § 42-7-103(2), C.R.S. 1973. Courts in other jurisdictions have not included consequential *269 damages to another person within the definition of "bodily injury" but have limited the phrase to actual physical injury. United Services Automobile Ass'n v. Warner, 64 Cal.App.3d 957, 135 Cal.Rptr. 34 (1976); Napier v. Banks, 9 Ohio App.2d 265, 38 Ohio Ops.2d 320, 224 N.E.2d 158 (1967). In Colorado, loss of consortium is a personal injury. Miller v. Carnation Co., 39 Colo.App. 1, 504 P.2d 127 (1977). We hold, however, that loss of consortium is not a "bodily injury" under the uninsured motorist provision of the policy in question. Therefore, Gloria Arguello was not entitled to separate recovery. Because Alex Arguello has exhausted the amount recoverable for one person as a result of his bodily injuries, Gloria Arguello can recover no additional amount as damages consequential to his injury.
Judgment affirmed.
BERMAN and VAN CISE, JJ., concur.