Daniel B. **BJORKMAN, a minor child, by his mother and next friend, Anne E. BJORKMAN, Plaintiff–Appellee,**

v.

**R.L. STEENROD, Jr., as Special Administrator of the Estate of Joseph Michael Cisneros, Deceased, Defendant–Appellant.**

No. 86CA0668.

Colorado Court of Appeals,
Div. II.

April 28, 1988.

Rehearing Denied May 26, 1988.

Certiorari Denied Oct. 31, 1988.

Eldridge, Linstrom, Wilcox & Ogden, Ralph Ogden, Denver, for plaintiff-appellee.

Morrato, Bieging, Burrus & Colantuno, P.C., James J. Morrato, Englewood, for defendant-appellant.

SMITH, Judge.

Defendant, R.L. Steenrod, Jr., appeals the order of the trial court which assessed prejudgment interest from the date of death until the date of deposit of the funds following a settlement by Ranger Insurance Company (plaintiff's insurer) for the policy limits of $25,000 which covered this wrongful death claim. The sole issue on appeal is whether an automobile liability insurance company is responsible to pay prejudgment interest over and above the policy limits afforded to the insured in a contract of insurance for legal liability coverage. The trial court held that the $25,000 policy limit meant that sum plus interest and costs, reasoning that, to hold otherwise, would result in reducing the limit as more time goes by subsequent to the accident. We affirm.

Section 13–21–101(1), C.R.S. (1987 Repl. Vol. 6A) provides for the assessment of prejudgment interest on the verdict entered by a trial to the court or by a jury in personal injury actions. However, since the matter here was settled by the parties, the provisions of § 13–21–101, C.R.S. (1987 Repl.Vol. 6A) are not applicable. Nevertheless, the more general provisions of § 5–12–102, C.R.S. (1987 Cum.Supp.) apply. *See Coale v. Dow Chemical Co.,* 701 P.2d 885 (Colo.App.1985).

The purpose of § 5–12–102, which was repealed and reenacted in 1979, was to discourage a person responsible for payment of a claim to stall and delay payment until judgment or settlement. *Isbill Associates, Inc. v. City & County of Denver,* 666 P.2d 1117 (Colo.App.1983). That statute is premised upon the fact that money has a time value and that a loss, measured in interest, is suffered when a person is deprived of money to which he is legally entitled.

■ The purpose of the enactment of the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Repl.Vol. 4A), is to avoid inadequate compensation to victims of automobile accidents. Consistent with that design, a minimum legal liability coverage is mandated by § 10–4–706(1)(a), C.R.S. (1987 Repl.Vol. 4A). That section requires that each motorist is to obtain a policy providing:

"Legal liability coverage for bodily injury or death arising out of the use of the

motor vehicle to a limit, *exclusive of interest and costs,* of twenty-five thousand dollars to any one person in any one accident...." (emphasis added)

In construing the intentions behind a statutory enactment, a court must presume that the entire statute is intended to be effective. Section 2–4–201(1)(b), C.R.S. (1987 Cum.Supp.). Moreover, clauses in insurance contracts which attempt to dilute, condition, or limit statutorily mandated coverage are invalid or void. *Meyer v. State Farm Mutual Automobile Insurance Co.,* 689 P.2d 585 (Colo.1984). For example, in *Newton v. Nationwide Mutual Fire Insurance Co.,* 197 Colo. 462, 594 P.2d 1042 (1979), an insurance provision which allowed the insurer to offset against amounts payable under uninsured motorist coverage, any personal injury protection benefits paid to an accident victim, was found to be contrary to public policy and the legislative intent that insurers provide to persons who so elect, at least the minimum statutorily required uninsured motorist coverage.

Thus, to give the clause, "exclusive of interest and cost," any meaning at all, we must conclude that the minimum legal liability coverage mandated by § 10–4–706, means twenty-five thousand dollars of benefits plus any interests and costs attendant thereto.

The case of *Houser v. Eckhardt,* 35 Colo. App. 155, 532 P.2d 54 (1974), *aff'd sub nom., Security Insurance Co. v. Houser,* 191 Colo. 189, 552 P.2d 308 (1976) is inapposite because it involved interpretation of specific contractual language applicable to a cause of action which arose before enactment of the Colorado Auto Accident Reparations Act.

Accordingly, the judgment of the trial court is affirmed.

VAN CISE and STERNBERG, JJ., concur.