William R. STARKE; Jeffrey Glen Starke; Clifton Gregory Starke; Kate Josephine Starke; Matthew Martin Starke, a minor Through his parent and guardian William R. Starke; Andrew William Starke, a minor through his parent and guardian, William R. Starke; and William R. Starke as Personal Representative of the Estate of Mary Kay Starke, Plaintiffs–Appellants,

v.

ALLSTATE INSURANCE COMPANY, Garnishee–Appellee.

No. 87CA0353.

Colorado Court of Appeals, Div. III.

Sept. 29, 1988.

Rehearing Denied Oct. 27, 1988.

Certiorari Granted (Allstate) Feb. 29, 1989.

Law Offices of Daniel W. Dean, Daniel W. Dean, Fort Collins, for plaintiffs-appellants.

Zupkus & Ayd, P.C., Robert A. Zupkus, Denver, for garnishee-appellee.

TURSI, Judge.

Plaintiffs in this wrongful death action appeal from an order of the district court releasing garnishee, Allstate Insurance Company, from liability for prejudgment interest. We reverse.

Plaintiffs' spouse and mother were killed in an automobile accident. Allstate's automobile liability policy covered the defendant tortfeasor. Within 10 days of the accident, Allstate tendered to the plaintiffs the policy limit for bodily injury ($100,000) in exchange for release of the defendant tortfeasor. The plaintiffs rejected the tender.

Plaintiffs filed this action for wrongful death and were awarded $241,555.44 in damages on a jury verdict. Following the return of the verdict, Allstate again tendered the policy limit for bodily injury, and later tendered payment for costs.

The sole question on appeal is whether Allstate is liable for prejudgment interest over and above the policy limits. We conclude that, under the terms of the policy, Allstate is liable for such interest.

■ The policy here provided $100,000 liability coverage per person for bodily injury. In addition, Allstate contracted to pay all court costs taxed against its insured and "all interest on any judgment entered in such suit until Allstate has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of Allstate's liability thereon...."

We conclude that this policy language is ambiguous with respect to Allstate's obligation to pay interest on a judgment entered against its insured. It does not explicitly limit Allstate's liability to interest accruing after the entry of judgment. *Cf. Houser v. Eckhardt*, 35 Colo.App. 155, 532 P.2d 54 (1974), *aff'd sub nom., Security Insurance Co. v. Houser*, 191 Colo. 189, 552 P.2d 308 (1976). It is axiomatic that ambiguities in insurance policies must be construed in favor of coverage and against limitations which inure to the benefit of the drafter. *Worsham Construction Co. v. Reliance Insurance Co.*, 687 P.2d 988 (Colo.App.1984). We therefore conclude that Allstate's obligation to pay "all inter-

est on any judgment" includes prejudgment interest. *See Bjorkman v. Steenrod*, 762 P.2d 706 (Colo.App.1988).

■ Here, Allstate's obligations under the policy were not discharged by its tender of the $100,000 policy limit within 10 days of the accident because that tender was conditioned upon the plaintiffs release of the defendant tortfeasor.

Tender of an absolute obligation pursuant to a contract must be unconditional or the tender is invalid. 15 S. Williston, *Contracts* § 1814 (W. Jaeger 3rd ed. 1972). Tender is not effective to relieve a party of interest accruing after the tender when the tender is conditional. *Higgins v. Armstrong*, 9 Colo. 38, 10 P. 232 (1885); *Lion Square Phase II & III Condominium Ass'n v. HASK*, 700 P.2d 932 (Colo.App. 1985). A conditional tender is merely an offer of an accord and satisfaction which may be freely rejected. *Lion Square Phase II & III Condominium Ass'n v. HASK, supra.*

■ Also, Allstate's · obligations under the policy were not satisfied by its tender of the $100,000 policy limit following the return of the verdict. That tender did not include Allstate's obligation to pay for prejudgment interest. A valid tender must be in the amount due and a tender is invalid when it is for less than what is due. 15 S. Williston, *Contracts, supra.* Partial payment of the contractual obligation does not toll the further accrual of interest on the balance of the judgment. *Security Insurance Co. v. Houser, supra.*

■ We hold that Allstate's liability for prejudgment interest as well as post-judgment interest in this matter must be calculated on the total amount of the judgment entered upon the verdict. Hence, the order is reversed and the cause is remanded to the district court for further proceedings consistent with this opinion.

KELLY, C.J., and STERNBERG, J., concur.