Larry **SPARKS**, Plaintiff–Appellee and Cross–Appellant,

v.

**AMERICAN FIRE & INDEMNITY COMPANY,** Defendant–Appellant and Cross–Appellee.

No. 86CA1440.

Colorado Court of Appeals, Div. II.

Jan. 26, 1989.

Waller, Mark & Allen, P.C., Kevin D. Allen, Denver, for plaintiff-appellee and cross-appellant.

Hall & Evans, Alan Epstein, Denver, for defendant-appellant and cross-appellee.

METZGER, Judge.

In this declaratory judgment action, defendant, American Fire and Indemnity Company, appeals the summary judgment entered in favor of plaintiff, Larry Sparks. Plaintiff cross-appeals, asserting that the trial court erred in refusing to award pre-judgment interest and attorney fees. We affirm in part, reverse in part, and remand with instructions.

The facts in this case are undisputed. On February 6, 1984, Carla Sue Sparks, plaintiff's wife, was injured when the car she was driving was struck by an automobile driven by an uninsured motorist. Plaintiff was not present when the accident occurred.

Plaintiff and his wife were insured under an automobile insurance policy issued by defendant. This policy provided uninsured motorist coverage in the maximum amounts of $25,000 per covered person and $50,000 per accident.

Pursuant to the policy, defendant paid Mrs. Sparks $25,000 for her injuries. However, asserting that plaintiff's loss of consortium claim was not a basis for recovery under the policy, defendant denied plaintiff's demand for $25,000.

Plaintiff then filed this declaratory judgment action, seeking an interpretation of the policy's terms. After cross-motions for summary judgment were filed, the trial court granted plaintiff's motion, holding that, since Mrs. Sparks was a "covered person," and since she sustained bodily injury, plaintiff may recover under the "per accident" limit, notwithstanding the fact that he did not suffer bodily injury. The court also denied plaintiff's request for pre-judgment interest and attorney fees. This appeal followed.

The pertinent sections of the policy's uninsured motorist provisions state:

"Part C—uninsured motorist coverage. We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

1. Sustained by a covered person; and

2. Caused by an accident.

. . . .

'Covered person' as used in this Part means:

1. You or any family member.

2. Any other person occupying your covered auto.

3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above."

Defendant argues that one must sustain bodily injury in order to be considered a covered person under the policy's terms. Relying on *Arguello v. State Farm Mutual Automobile Insurance Co.*, 42 Colo. App. 372, 599 P.2d 266 (1979), it asserts that loss of consortium is not a bodily injury. Consequently, it contends the trial court erred in determining that plaintiff, who did not sustain any bodily injury, should recover $25,000 pursuant to the policy's $50,000 per accident provisions. We conclude that the trial court properly entered summary judgment in plaintiff's favor.

An automobile liability insurance policy is a contract, *Waggoner v. Wilson*, 31 Colo. App. 518, 507 P.2d 482 (1972), and is to be construed according to the general laws for the construction of contracts. *Marez v. Dairyland Insurance Co.*, 638 P.2d 286 (Colo.1981). When the language of an insurance contract is plain, clear, and unambiguous, a court cannot by judicial construction rewrite it, but must enforce it as written. *Christmas v. Cooley*, 158 Colo. 297, 406 P.2d 333 (1965).

■ Moreover, the natural and obvious meaning of a contract of insurance must be preferred to any curious hidden sense evolved by the ingenuity of an acute intellect and the exigencies of a hard case. *Standard Life & Accident Insurance Co. v. McNulty*, 157 F. 224 (C.C.A.Colo.1907). Rather, an insurance policy must be given the meaning which a person of ordinary intelligence would attach to it. *Standard Marine Insurance Co. v. Peck*, 140 Colo. 56, 342 P.2d 661 (1959).

Loss of consortium is a recognized personal injury in Colorado. *American Insurance Co. v. Naylor*, 103 Colo. 461, 87 P.2d 260 (1939). Accordingly, a plaintiff is entitled to recover damages under that theory. *Miller v. Carnation Co.*, 39 Colo.App. 1, 564 P.2d 127 (1977).

■ We agree with the trial court that the pertinent language of the insurance policy in this case is clear. The policy states: "We will pay damages which *a* covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury ... sustained by *a* covered person." (emphasis added) Subsection 1 defines "covered person" as "you or any family member." Plaintiff's wife, a family member, sustained bodily injuries. Subsection 3 defines covered person as *"any person* for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by *a person* described in 1 or 2 above." (emphasis added) Because his wife sustained bodily injuries, and because she is a "covered person" as described in Subsection 1, the language of Subsection 3 entitles plaintiff, who is also a "covered person," to recover damages for his independent claim for loss of consortium.

Contrary to defendant's contention, the policy language does not require that recovery be limited to one who has sustained a bodily injury. Nowhere in its terms does it so provide, and we may not rewrite it to do so. *See Christmas v. Cooley, supra.* Similarly, the references to "any person" and "a person" in Subsection 3 cannot be interpreted to be equivalent to "the same injured person" unless we engage in substantial rewriting of the policy.

Nor does the holding in *Arguello v. State Farm Mutual Automobile Insurance Co., supra,* compel a different result, since the language of the policy there differed substantially from that at issue here. In that case, the policy specifically stated that the maximum amount recoverable by each person included "damages for care and loss of services, arising out of bodily injury sustained by one person in any one accident...." Here, the policy contains no such language.

Accordingly, we conclude that the trial court correctly entered summary judgment in favor of plaintiff.

We agree with plaintiff's contention on cross-appeal that he should be awarded

prejudgment interest over and above the policy limits of $25,000 from the date of his wife's injury. *Bjorkman v. Steenrod,* 762 P.2d 706 (Colo.App.1988).

 Plaintiff also asserts on cross-appeal that he should have been awarded attorney fees pursuant to §§ 13–17–101 and 13–17–102, C.R.S. (1987 Repl.Vol. 6A). We agree with the trial court that the defense of this action was not frivolous or groundless; accordingly, no error occurred in the denial of fees. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo. 1984).

That portion of the judgment denying plaintiff prejudgment interest is reversed and the cause is remanded for entry of an amended judgment consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.

SMITH and MARQUEZ, JJ., concur.