Frankie **WILLIAMS–DIEHL,**
**Plaintiff–Appellant,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant–Appellee.**

**No. 88CA0888.**

Colorado Court of Appeals,
Div. IV.

Sept. 21, 1989.

Rehearing Denied Nov. 16, 1989.

Certiorari Denied June 18, 1990.

Bailey–Robinson, P.C., David R. Bailey, Colorado Springs, for plaintiff-appellant.

Retherford, Mullen, Rector & Johnson, Neil C. Bruce, Colorado Springs, for defendant-appellee.

Opinion by Judge TURSI.

Plaintiff, Frankie Williams–Diehl, appeals from the summary judgment entered for defendant, State Farm Fire & Casualty Company, in this action for declaratory relief. We affirm.

The events underlying plaintiff's claim are undisputed and have been stipulated to by the parties.

Plaintiff was injured in an automobile accident caused by an uninsured motorist. When the collision occurred, plaintiff was operating a vehicle which he was in the process of purchasing from his brother. However, the vehicle was still titled in the brother's name. He was also living in his brother's house at the time of the accident.

Plaintiff submitted claims to State Farm under an automobile insurance policy issued to his brother. The policy, which provided for both personal injury protection and uninsured motorist coverage, defined the term 'insured' to include any relative residing with the named insured.

Because the automobile was not a designated vehicle under the policy, State Farm denied coverage. It claimed that coverage was barred by the following exclusions:

"When Coverage P [no-fault] Does Not Apply

THERE IS NO COVERAGE FOR BODILY INJURY:

TO YOU [Named Insured] OR ANY RELATIVE WHILE OCCUPYING OR THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY YOU. This does not apply to your car or a newly acquired car. [YOUR CAR— means the CAR or the vehicle described on the declarations page]

TO ANY RELATIVE WHILE OCCUPYING OR THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY SUCH RELATIVE AND FOR WHICH COVERAGE REQUIRED BY THE NO–FAULT ACT IS NOT IN EFFECT.

When Coverage U [Uninsured Motor Vehicle] Does Not Apply

THERE IS NO COVERAGE:

. . . .

2. For BODILY INJURY TO AN INSURED

　a. WHILE OCCUPYING, OR

　b. THROUGH BEING STRUCK BY A MOTOR VEHICLE OWNED BY YOU, YOUR SPOUSE OR ANY RELATIVE IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY...."

Plaintiff contends that these exclusions are contrary to public policy and are, therefore, unenforceable. We disagree and conclude that the trial court properly entered summary judgment for State Farm on the basis of the exclusions.

I

The purpose in enacting the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1987 Rep. Vol. 4A) (Act), which makes no-fault insurance mandatory was

"to avoid inadequate compensation to victims of automobile accidents; to require registrants of motor vehicles in this state to procure insurance covering legal liabil-

ity arising out of ownership or use of such vehicles and also providing benefits to persons occupying such vehicles and to persons injured in accidents involving such vehicles."

Section 10–4–702, C.R.S. (1987 Repl.Vol. 4A).

Under § 10–4–707(1), C.R.S. (1987 Repl. Vol. 4A), the no-fault coverages mandated by the Act are to be applied to:

"(a) Accidental bodily injury sustained by the named insured when injured in an accident involving any motor vehicle ... except where the injury is the result of the use or operation *of the named insured's own motor vehicle not actually covered under the terms of [the Act]*; (b) Accidental bodily injury sustained by a relative of the named insured *under the circumstances described in paragraph (a) of this subsection (1)*, if the relative at the time of the accident is a resident in the household of the named insured (whether or not temporarily residing elsewhere) *except where the relative is injured as a result of the use or the operation of his own motor vehicle not actually covered under the terms of [the Act]....*" (emphasis supplied)

█ The exception contained in § 10–4–707(1)(a) authorizes an insurer to deny coverage in the same situation where an "owned-but-uninsured" exclusion would operate. Because § 10–4–707(1)(b) extends personal injury protection to an insured relative only under the same circumstances that would support coverage in § 10–4–107(1)(a), we similarly conclude that application of an "owned-but-uninsured" exclusion to relatives of the named insured is also statutorily authorized.

█ Having upheld the validity of this particular exclusion, we further find that it should be given full effect as it was clearly and unambiguously set forth in the policy. *See Gulf Insurance Co. v. State of Colorado*, 43 Colo.App. 360, 607 P.2d 1016 (1979).

## II

The validity of the "owned but uninsured vehicle" exclusion contained in "Coverage" U of the policy at issue is a separate question inasmuch as Colorado's uninsured motorist statute is not part of the Act.

A split of authority exists among the many jurisdictions that have addressed the effectiveness of the exclusion. 12A G. Couch, *Cyclopedia of Insurance Law*, § 45:636 (M. Rhodes rev. 2d ed. (1981); 2 N.P. Terry, *No–Fault & Uninsured Motorist Automobile Insurance* § 24.10[5] (1984).

A number of decisions have held the "owned-but-uninsured" exclusionary clause unenforceable. *See Bradley v. Mid–Century Insurance Co.*, 409 Mich. 1, 294 N.W.2d 141 (1980); *Harvey v. Travelers Indemnity Co.*, 188 Conn. 245, 449 A.2d 157 (1982); *Kau v. State Farm Mutual Automobile Insurance Co.*, 58 Haw. 49, 564 P.2d 443 (1977); *Kaufmann v. Economy Fire & Casualty Insurance Co.*, 52 Ill.App.3d 940, 10 Ill.Dec. 776, 368 N.E.2d 371 (1977), *aff'd*, 76 Ill.2d 11, 27 Ill.Dec. 742, 389 N.E.2d 1150 (1979); *Lindahl v. Howe*, 345 N.W.2d 548 (Iowa 1984); *State Farm Mutual Automobile Insurance Co. v. Hinkel*, 87 Nev. 478, 488 P.2d 1151 (1971).

Other jurisdictions have upheld the exclusion. *See Holcomb v. Farmers Insurance Exchange*, 254 Ark. 514, 495 S.W.2d 155 (1973); *Shipley v. American Standard Insurance Co.*, 183 Neb. 109, 158 N.W.2d 238 (1968); *Beaupre v. Standard Fire Insurance Co.*, 736 S.W.2d 237 (Tex.App. 1987); *Anderson v. State Farm Mutual Automobile Insurance Co.*, 471 N.E.2d 1170 (Ind.App.1984); *Simmons v. Nationwide Mutual Insurance Co.*, 65 Ohio App.2d 28, 414 N.E.2d 440 (1979).

In those jurisdictions invalidating the exclusion, a primary concern is that it conflicts with the purpose for uninsured motorist insurance, which is to provide the same degree of protection to an insured as he would have received from a financially responsible tortfeasor. *See, e.g., Jacobson v. Implement Dealers Mutual Insurance Co.*, 196 Mont. 542, 640 P.2d 908 (1982). The exclusion is therefore viewed as a restriction on the intended scope of uninsured motorist coverage which ordinarily applies

regardless of whether the insured is injured in an insured vehicle, an unowned vehicle, or on foot. *See, e.g., Calvert v. Farmers Insurance Co.*, 144 Ariz. 291, 697 P.2d 684 (1985).

On the other hand, courts upholding the exclusion argue that the insured and his insurer freely entered into a contract to exclude recovery in the owned-but-uninsured vehicle situation. *See Clark v. State Farm Mutual Automobile Insurance Co.*, 743 P.2d 1227 (Utah 1987). To permit recovery otherwise, would result in a "free-ride" for some multiple-vehicle owners and would force insurers to provide gratuitous coverage while incurring additional risk. *See Anderson v. American Economy Insurance Co.*, 43 Wash.App. 852, 719 P.2d 1345 (1986). Moreover, rewarding a plaintiff who himself is operating an owned but uninsured vehicle is unfair and repugnant to the legislative policy behind uninsured motorist statutes. *See Dullenty v. Rocky Mountain Fire & Casualty Co.*, 111 Idaho 98, 721 P.2d 198 (1986).

 Colorado's uninsured motorist statute, codified in § 10–4–609, C.R.S. (1987 Repl.Vol. 4A), provides in pertinent part:

"(1) No automobile liability or motor vehicle liability policy ... shall be delivered or issued ... unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42–7–103(2), C.R.S., under provisions approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing."

There is no indication in § 10–4–609(1) that policy language which narrows the circumstances under which coverage applies is void as against legislative public policy. *See Dullenty v. Rocky Mountain Fire & Casualty Co., supra.* Consequently, be-cause we do not find the exclusion at issue inconsistent with § 10–4–609, we are persuaded to join those courts that have upheld the exclusion.

 Furthermore, because the exclusion as set out in State Farm's policy is plain and unambiguous, we hold that it was an enforceable condition to coverage. *See Barba v. State Farm Mutual Automobile Insurance Co.*, 759 P.2d 750 (Colo.App. 1988). Our holding in this regard is in accord with *Arguello v. State Farm Mutual Automobile Insurance Co.*, 42 Colo. App. 372, 599 P.2d 266 (1979), wherein this court upheld an "owned but uninsured vehicle" exclusion on similar grounds, but did not consider the policy questions presented to us in this case.

Because we have found the exclusions at issue valid, we need not address the question plaintiff raises regarding the extent of coverage to be provided.

Judgment affirmed.

DUBOFSKY and VAN CISE,* JJ., concur.