**ALLSTATE INSURANCE COMPANY, Petitioner,**

v.

**Patrick N. ALLEN, Respondent.**

**No. 89SC451.**

Supreme Court of Colorado,
En Banc.

Sept. 10, 1990.

Zupkus & Ayd, P.C., Robert A. Zupkus, Stefan Kazmierski, Denver, for petitioner.

Hecox, Tolley, Keene & Beltz, P.C., W. Thomas Beltz, H. William Mahaffey, Colorado Springs, for respondent.

Wilcox & Ogden, Ralph Ogden, Denver, for amicus curiae The Colorado Trial Lawyers Ass'n.

Justice LOHR delivered the Opinion of the Court.

We granted certiorari to review the unpublished decision of the Colorado Court of Appeals in *Allen v. Chromy*, No.

88CA0254 (June 1, 1989). In *Allen*, the court of appeals reversed without discussion the district court's determination that Allstate Insurance Company ("Allstate") was not liable as garnishee for statutory prejudgment interest in excess of policy limits on a judgment against its insured. The court of appeals relied on its decision in *Starke v. Allstate Ins. Co.*, 771 P.2d 3 (Colo.App.1988), *rev'd*, 797 P.2d 14 (1990). In *Starke*, the court of appeals held that Allstate was obligated under an automobile insurance policy for prejudgment interest on bodily injury damages awarded against its insured in excess of Allstate's policy limit for bodily injury liability. We reversed, holding that Allstate had no such liability under its policy, which was identical in pertinent part to the insurance policy involved in this case. Our decision in *Starke* is controlling in the present case unless a different result is compelled by an additional argument advanced here by the plaintiff, Patrick N. Allen. Allen contends that Allstate's policy must be construed to allow prejudgment interest in excess of the bodily injury liability limit in order to comply with the requirements of the Colorado Auto Accident Reparations Act, §§ 10–4–701 to –723, 4A C.R.S. (1987 & 1989 Supp.). We are not persuaded by this argument. Accordingly, we reverse the judgment of the court of appeals and return the case to that court with directions to reinstate the judgment for Allstate.

## I.

On September 22, 1985, Patrick N. Allen received severe bodily injuries when his motorcycle collided with an automobile driven by Doris A. Chromy. The following month, Allen filed a personal injury action in El Paso County District Court against Doris A. Chromy, and later joined Donald G. Chromy, her husband and the co-owner of the automobile, as a defendant.

At the time of the accident, the Chromys maintained the minimum amount of automobile insurance coverage for bodily injury allowed by law. The policy provided, as relevant, a $25,000 liability limit for "all damages which the insured shall be legally obligated to pay because of bodily injury sustained by any person," and additional coverage for *"all interest on any judgment* entered in such suit until Allstate has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of Allstate's liability thereon." (Emphasis added.)

On February 7, 1986, Allstate offered Allen its $25,000 policy limit, conditioned on a release of all claims against the Chromys. Allen rejected the offer. On November 18, 1986, Allen in turn proposed a settlement, conditioning release of his claims against the Chromys on payment of Allstate's $25,000 policy limit, plus prejudgment interest "on the verdict expectancy" accrued to date. Allstate refused, explaining that in its view, prejudgment interest was not covered by the policy. Allen made a somewhat modified offer on January 5, 1987, but this too was rejected.

On May 13, 1987, after trial to a jury, judgment was entered against the Chromys for $473,000, plus costs and accrued prejudgment interest at nine percent per annum from the date of the accident pursuant to section 13–21–101, 6A C.R.S. (1987),[1] for a total of $543,287.84. The judgment also provided that postjudgment interest would accrue from April 29, 1987—the date the jury's verdict was returned—"as provided by law." On the same day judgment was entered, Allstate paid Allen its $25,000 policy limit in partial satisfaction of the judg-

1. § 13–21–101 provides in relevant part:
   (1) In all actions brought to recover damages for personal injuries sustained by any person resulting from or occasioned by the tort of any other person ... it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury, or found by the court, interest on such amount calculated at the rate of nine percent per annum ... and calculated from the date such suit was filed to the date of satisfying the judgment and to include the same in said judgment as a part thereof.

ment. Later, Allstate paid the costs assessed by the court.

Allen then attempted to recover prejudgment interest by obtaining a writ of garnishment naming Allstate as garnishee. Allstate answered by denying that it held or possessed any personal property belonging to its insured. Allen traversed Allstate's answer. In its brief in the district court on the issues presented by the traverse, Allstate asserted that the prejudgment interest awarded Allen was a part of the damages assessed against the Chromys, and therefore payment of the $25,000 policy limit for damages fulfilled its obligations for prejudgment interest under the Chromys' policy. Allen, however, took the position that Allstate remained liable for prejudgment interest under the policy's "additional payments" provision for payment of "all interest on any judgment entered" against its insureds. In addition to urging this result on the basis of the language of the policy itself, Allen asserted that a contrary construction would cause Allstate's policy to be a non-complying policy under section 10–4–706(1)(a), 4A C.R.S. (1987), by failing to provide a minimum of $25,000 in bodily injury liability coverage, "exclusive of interest and costs," *id.*, and hence void as against public policy.

The trial court denied Allen's traverse. It ruled:

> The policy states that in addition to policy limits, the insurer will pay, "All interest on any judgment entered in such suit until Allstate has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of Allstate's liability thereon." The judgment in this case was $543,287.84; Allstate's liability was $25,000. Since Allstate tendered that amount on the date of judgment, Allstate has no further obligation, other than costs, which were paid. The Colorado Statute, C.R.S. 13–21–101 language is clear; the policy language is clear and in this case, Allstate has done all that it is required to do.

The court of appeals reversed without discussion apart from citation of its recent decision on the same issue in *Starke v. Allstate Ins. Co.*, 771 P.2d 3 (Colo.App. 1988), *rev'd*, 797 P.2d 14 (Colo.1990).

## II.

■ In *Allstate Ins. Co. v. Starke*, 797 P.2d 14 (Colo.1990), we held that Allstate was not liable for prejudgment interest in excess of its bodily injury liability limit for damages under its insurance policy. The policy obligated it to pay, among other things, "all damages which the insured shall be legally obligated to pay because of ... bodily injury sustained by any person," and contained an "additional payments clause" requiring it to pay "all interest on any judgment entered in such suit until Allstate has paid, tendered or deposited in court that part of the judgment which does not exceed the limit of Allstate's liability thereon." In contrast to the bodily injury coverage provisions, the "additional payments" clause contained no limit on liability. We reasoned that the agreement in the "additional payments" clause to pay "interest on any judgment" could not be construed to include prejudgment interest. Therefore, under the well-settled rule that prejudgment interest is an element of damages, *see, e.g., Davis Cattle Co., Inc. v. Great W. Sugar Co.*, 393 F.Supp. 1165 (D.Colo.1975), *aff'd*, 544 F.2d 436 (10th Cir. 1976), *cert. denied*, 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977); *Bankers Trust Co. v. International Trust Co.*, 108 Colo. 15, 113 P.2d 656 (1941); *Omaha & Grant Smelting & Refining Co. v. Tabor*, 13 Colo. 41, 21 P. 925 (1889); *Browne v. Steck*, 2 Colo. 70 (1873), Allstate's payment of its policy limit for damages discharged it from liability for any prejudgment interest exceeding that amount.

The insurance policy at issue in the present case contains bodily injury liability and "additional payments" clauses identical to those present in *Starke.* Our decision in *Starke*, therefore, establishes that, contrary to the holding of the court of appeals, Allstate is not liable for prejudgment interest in excess of its policy limit unless a different result is required by the Colorado Auto Accident Reparations Act, §§ 10–4–701 to –723, 4A C.R.S. (1987 & 1989 Supp.) ("no-fault act").

## III.

The no-fault act mandates that every owner of a motor vehicle operated on Colorado's public highways obtain a complying automobile insurance policy. § 10–4–705(1), 4A C.R.S. (1987). The requirements for a complying policy are set forth in section 10–4–706, 4A C.R.S. (1987). As relevant to the present case, the policy must include "[l]egal liability coverage for bodily injury or death arising out of the use of the motor vehicle to a limit, *exclusive of interest and costs, of twenty-five thousand dollars to any one person in any one accident....* " *§ 10–4–706(1)(a) (emphasis added).*

Allen argues that Allstate's policy with the Chromys fails to comply with the no-fault act unless the policy is construed to provide the requisite minimum of $25,000 in liability coverage, plus costs, prejudgment interest and postjudgment interest. We disagree with this argument as it relates to prejudgment interest.

■ The no-fault act was enacted in part to avoid inadequate compensation to victims of automobile accidents. § 10–4–702, 4A C.R.S. (1987); *Meyer v. State Farm Mutual Auto. Ins. Co.,* 689 P.2d 585, 588 (Colo.1984); *Cingoranelli v. St. Paul Fire & Marine Ins. Co.,* 658 P.2d 863, 867–68 (Colo.1983); *Travelers Indem. Co. v. Barnes,* 191 Colo. 278, 280, 552 P.2d 300, 301 (1976). Consistent with this purpose, every owner of a motor vehicle operated on the public highways of Colorado must maintain an automobile insurance policy providing personal injury protection benefits "without regard to fault" up to the statutory limits to cover costs such as medical expenses and rehabilitative procedures for injuries arising out of the use or operation of a motor vehicle. § 10–4–706(1)(b), –(c); *Rose v. Allstate Ins.*

*Co.,* 782 P.2d 19, 20 (Colo.1989); *Trinity Universal Ins. Co. v. Hall,* 690 P.2d 227, 229 (Colo.1984); *Meyer,* 689 P.2d at 588–89. In addition, to comply with the no-fault act, a policy must provide a minimum of $25,-000 in legal liability coverage for bodily injury or death to any one person, "exclusive of interest and costs." § 10–4–706(1)(a). The no-fault act is incorporated as part of every auto insurance policy, and governs in any conflict between the act and the insurance policy. *Marquez v. Prudential Property & Casualty Ins. Co.,* 620 P.2d 29, 33 (Colo.1980). In *Bjorkman v. Steenrod,* 762 P.2d 706 (Colo.App. 1988), the court of appeals held that to give the "exclusive of interest and costs" language of section 10–4–706(1)(a) any meaning, a complying policy under the no-fault act must at minimum provide $25,000 "of benefits" plus attendant costs and interest—in that case, prejudgment interest assessed under § 5–12–102, 2 C.R.S. (1987 Supp.).[2] The no-fault act and *Bjorkman* thus appear at first blush to require a result contrary to the rule that an insurer is not liable for prejudgment interest in excess of policy limits for damages absent specific language in its policy with the insured to that effect.

■ We do not believe, however, that prejudgment interest was the type of interest contemplated by the legislature in enacting section 10–4–706(1)(a). Insofar as *Bjorkman* is contrary to the rule that in absence of a contrary provision in the insurance contract, prejudgment interest is an element of damages included within the damages coverage of an auto insurance policy and subject to the policy limit for such coverage, as explained in *Allstate v. Starke,* we overrule *Bjorkman.*[3]

*Bjorkman* is flawed in its failure to recognize the analytical distinction between

2. The court of appeals in *Bjorkman* held that § 13–21–101(1) was inapplicable because the issue of prejudgment interest arose following deposit of the policy limit for wrongful death pursuant to a settlement rather than from an assessment of damages by a court or jury as contemplated by that statute. Instead, it applied "the more general provisions of § 5–12–102." *Bjorkman,* 762 P.2d at 707. We

express no opinion on the correctness of this analysis.

3. *Sparks v. Am. Fire & Indem. Co.,* 769 P.2d 501, 503–04 (Colo.App.1989), follows *Bjorkman* in allowing prejudgment interest over and above the policy limits. We also overrule that part of the *Sparks* opinion.

prejudgment interest and postjudgment interest. The latter is true interest, and therefore is encompassed by the "exclusive of interest and costs" requirement for a complying policy under section 10-4-706(1)(a) of the no-fault act. In contrast, our long-standing treatment of prejudgment interest as an element of damages, *see Allstate v. Starke,* 797 P.2d at 18-19, of which the legislature is deemed to have been cognizant in enacting the no-fault act, *e.g., People ex rel. Danielson v. City of Thornton,* 775 P.2d 11, 19 n. 7 (Colo.1989); *Rauschenberger v. Radetsky,* 745 P.2d 640, 643 (Colo.1987); *People v. Cooke,* 150 Colo. 52, 62-63, 370 P.2d 896, 901 (1962),[4] makes the "exclusive of interest and costs" language of section 10-4-706(1)(a) inapplicable to interest added to a damages award and accruing prior to judgment.

We reverse the judgment of the court of appeals and return the case to that court with directions to reinstate the judgment for Allstate.

---

**4.** In *Cooke,* we stated that it is a "familiar rule that it is to be presumed that a legislature is cognizant of and adopts the construction which prior judicial decisions have placed on particular language when such language is employed in subsequent legislation." 150 Colo. at 62, 370 P.2d at 901.