**Marta LAMPTON, Plaintiff–Appellant,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION, Defendant–Appellee.**

**No. 90CA1553.**

Colorado Court of Appeals, Div. III.

Jan. 16, 1992.

Rehearing Denied Feb. 27, 1992.

Certiorari Denied Sept. 14, 1992.

**533**

Cucullu & Pring, Michael D. Cucullu, Colorado Springs, for plaintiff-appellant.

Bennett and Hollaway, Cuba Y. Hollaway, Colorado Springs, for defendant-appellee.

Opinion by Judge METZGER.

Plaintiff, Marta Lampton, sought recovery for loss of consortium under the liability provisions of an automobile insurance policy issued by the defendant, United Services Automobile Association. The trial court granted summary judgment in favor of defendant, and plaintiff appeals. We affirm.

Plaintiff's husband, a pedestrian, was severely injured when he was struck by a car driven by defendant's insured. Plaintiff was not present, nor did she witness the accident. The insurance policy issued by defendant provided liability coverage with payment limits of $50,000 per person up to a maximum total payment of $100,000 per accident.

Defendant paid plaintiff's husband the per person limit of $50,000 in settlement of his bodily injury claim. In addition, plaintiff pursued a loss of consortium claim against defendant (stipulated value of $50,000) arguing that her claim was entitled to separate and independent per person coverage. Defendant maintained that the liability provisions covered only bodily injury, and since loss of consortium was not a bodily injury, the policy did not provide separate per person coverage for plaintiff's claim. Accordingly, it denied payment.

The trial court, relying on *Arguello v. State Farm Mutual Automobile Insurance Co.*, 42 Colo.App. 372, 599 P.2d 266 (1979), held that plaintiff had not suffered a bodily injury and that, therefore, under the liability terms of the policy, she was not entitled to a separate recovery for her loss of consortium claim.

## I.

■ Plaintiff first contends that, in the absence of specific policy language which would include damages for "care and loss of services" within the "each person" coverage limit of $50,000, her loss of consortium claim is covered under the $100,000 "each accident" limit. We disagree.

The policy provides that: "[Defendant] will pay damages for bodily injury ... for which any covered person becomes legally responsible because of an auto accident." This liability coverage is limited, however, by a provision which states:

The limit of liability shown in the Declarations for 'each person' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury sustained by any one person in any one auto accident. Subject to this limit for 'each person', the limit of liability shown in the Declarations for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.... This is the most we will pay regardless of the number of ... [c]laims made....

A person who has lost the society, companionship, and services of his or her spouse has sustained a personal injury. *American Insurance Co. v. Naylor*, 103 Colo. 461, 87 P.2d 260 (1939). This loss, although tangible, real, and compensable, is not a bodily injury within the commonly accepted meaning of that term. *Arguello v. State Farm Mutual Automobile Insurance Co., supra.*

Accordingly, we agree with the trial court's conclusion that, since plaintiff did not suffer bodily injury, recovery for her loss of consortium claim should be denied.

## II.

Plaintiff also contends that the liability coverage provision is ambiguous and, therefore, should be construed against the defendant insurer. She argues that the term "bodily injury" is not defined in the policy and "sustained by any one person" could be read to modify either "bodily injury" or "all damages." Employing the latter interpretation, plaintiff asserts that she would be entitled to coverage under a separate and independent "each person" limit. We disagree.

We reject plaintiff's suggestion that we use the statutory definition of "bodily injury" found in § 18-1-901(3)(c), C.R.S. (1986 Repl.Vol. 8B). This diversion into the Criminal Code is both unnecessary and inapplicable here.

Nor do we see anything ambiguous in the words used. The policy clearly provides that $50,000 is defendant's maximum limit of liability "for all damages for bodily injury sustained by any one person." This provision unambiguously sets a maximum limit for all damages sustained as a result of bodily injury to any one person, regardless of the number of persons who might sustain some damage as a result of that person's bodily injury.

Plaintiff did not personally suffer any bodily injury. Therefore, the claims of the physically injured spouse and plaintiff's derivative loss of consortium claim must be combined within the single "each person" recovery limit. *See Arguello v. State Farm Mutual Automobile Insurance Co., supra.*

## III.

Plaintiff's reliance on *Sparks v. American Fire & Indemnity Co.*, 769 P.2d 501 (Colo.App.1989) is misplaced. In *Sparks*, the court recognized a claim for loss of consortium under an uninsured motorist provision even though the plaintiff spouse had suffered no bodily injury. In that case, the specific language used in the policy did not restrict recovery to a claimant who had sustained a bodily injury. Language identical to that in *Sparks* appears in the uninsured motorist provisions of the policy here; however, that fact has no bearing, since plaintiff seeks recovery under the separate liability coverage of the policy which is governed by the language quoted herein.

Payment to plaintiff's spouse exhausted the applicable coverage limit. We refuse to hold the defendant liable "beyond the scope of risks which have been clearly covered in the insurance policy." *Martinez v. Hawkeye–Security Insurance Co.*, 195 Colo. 184, 576 P.2d 1017 (1978).

The judgment is affirmed.

CRISWELL and NEY, JJ., concur.