Ignacio JAIMES, Plaintiff–Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellee.**

No. 00CA0042.

Colorado Court of Appeals,
Div. V.

Jan. 31, 2002.

Certiorari Denied Aug. 19, 2002.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2001.

**744**

Thomas D. McFarland, Golden, CO, for Plaintiff–Appellant.

Bayer, Carey & McGee, P.C., Gary L. Palumbo, Peter M. Spiessbach, Terry L. Lutts, Denver, CO, for Defendant–Appellee.

Patterson, Nuss & Seymour, P.C., Franklin D. Patterson, Englewood, CO, for Amicus Curiae Colorado Defense Lawyers Association.

Richard W. Laugesen, Denver, CO, for Amicus Curiae Richard W. Laugesen.

Opinion by Judge ROY.

Plaintiff, Ignacio Jaimes (insured), appeals the trial court's judgment in favor of defendant, State Farm Mutual Automobile Insurance Company (insurer). We reverse and remand.

In *Jaimes v. State Farm Mutual Automobile Insurance Co.*, (Colo.App. No. 00CA0042, Mar. 29, 2001)(not selected for official publication), we addressed the validity of the exclusion in a motor vehicle insurance policy limiting coverages, including uninsured/underinsured (UM/UIM) coverage, to insured's injuries while occupying a vehicle insured under that policy. We concluded that the exclusion was valid, enforceable, and applied to the circumstances presented.

Thereafter, the supreme court granted the insured's petition for a writ of certiorari, vacated our judgment, and remanded with directions that the matter be reconsidered in light of *DeHerrera v. Sentry Insurance Co.*, 30 P.3d 167 (Colo.2001). Upon reconsideration we now conclude that the exclusion is void.

Insured owned a Nissan and his wife owned a Subaru, both of which were insured under separate policies by insurer. The Nissan policy had a UM/UIM limit of $25,000 per person, and the Subaru policy had a UM/UIM limit of $100,000 per person.

While he was driving the Nissan, insured was involved in an accident with an underinsured motorist. Insured settled with the underinsured motorist for $25,000, that motorist's liability policy limit, with the consent of insurer. Because the settlement amount equaled the UM/UIM policy limit for the policy insuring the Nissan and was subject to setoff, no UM/UIM benefits were payable under the Nissan policy.

Insured then sought UM/UIM benefits under the policy insuring the Subaru. Insurer admitted that the insured was "an insured" under the Subaru policy, because he is married to and resides with the named insured at the same residence. However, insurer denied coverage on the grounds that the "owned but not insured under this policy" exclusion in the Subaru policy excluded coverage because insured was injured while

driving a vehicle owned by a person who was an insured under the Subaru policy but the vehicle was not insured under the Subaru policy.

Insured then commenced this declaratory judgment proceeding, asserting that the exclusion in the Subaru policy violates § 10–4–609, C.R.S.2001. Alternatively, insured asserted that the exclusion is inconsistent with the "other coverage" clause contained in the Subaru policy and, therefore, must be interpreted in his favor.

The exclusion of the UM/UIM coverage in the Subaru policy states:

THERE IS NO COVERAGE

. . . .

2. FOR *BODILY INJURY* TO AN *INSURED:*

a. WHILE *OCCUPYING,* OR

b. THROUGH BEING STRUCK BY

A MOTOR VEHICLE OWNED BY *YOU, YOUR SPOUSE* OR *ANY RELATIVE* IF IT IS NOT INSURED FOR THIS COVERAGE UNDER THIS POLICY. (emphasis in original)

Section 10–4–609(1)(a), C.R.S.2001, requires for UM/UIM coverage as follows:

No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle licensed for highway use in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 42–7–103(2), C.R.S., under provisions approved by the commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; except that the named insured may reject such coverage in writing.

The insurer filed a motion for summary judgment. The trial court, relying on *Arguello v. State Farm Mutual Automobile Insurance Co.,* 42 Colo.App. 372, 599 P.2d 266 (1979), and *Williams–Diehl v. State Farm Fire & Casualty Co.,* 793 P.2d 587 (Colo.App.1989), granted the motion. The court concluded that there was no ambiguity or conflict in the Subaru policy and that the exclusion does not violate § 10–4–609 or public policy. This appeal followed.

I.

■ We first address the "owned but not insured under this policy" exclusion as applied to UM/UIM coverage and conclude that the exclusion is contrary to the public policy of Colorado and thus void.

The ability of an insurer to exclude UM/UIM benefits under certain circumstances historically has been recognized as valid and enforceable in Colorado and not repugnant to public policy. *See* § 10–4–609; *Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58 (Colo.1990)(exclusion of UM/UIM coverage for the owner-occupant injured in a one-vehicle accident is enforceable); *Cruz v. Farmers Insurance Exchange,* 12 P.3d 307 (Colo.App.2000)("regular use" exclusion applicable to UM/UIM coverage is not contrary to public policy); *Williams–Diehl v. State Farm Fire & Casualty Co., supra* ("owned but not insured" exclusion is not contrary to public policy); *Arguello v. State Farm Mutual Automobile Insurance Co., supra* (same).

However, in *DeHerrera,* the supreme court indicated its disapproval of *Williams–Diehl* and implicitly disapproved of *Arguello,* to the extent they conflicted with *DeHerrera. DeHerrera v. Sentry Insurance Co., supra,* 30 P.3d at 176 n. 8. Thus, the supreme court, in obiter dictum, has announced its limited disapproval of the exclusion in the UM/UIM context.

In *DeHerrera,* the insured's child was injured while riding an unlicensed, off-the-road motor bike owned by the child, upon being struck by an uninsured or underinsured motor vehicle. The insured then sought Personal Injury Protection and UM/UIM benefits provided by a policy insuring her automobile. The applicable policy provided UM/UIM coverage only if an insured

person was occupying a car or was a pedestrian, and coverage was denied on the basis that the child was not occupying a car and was not a pedestrian.

As pertinent here, in *DeHerrera*, the supreme court held that UM/UIM coverage extended to the child, an insured party, even when operating the motor bike, because UM/UIM coverage is personal, rather than vehicle specific, under § 10–4–609. The coverage thus travels with the insured, there a resident family member driving an uninsured vehicle. The court, therefore, voided the limitation on the UM/UIM coverage to insureds who are in a car or are pedestrians as being contrary to § 10–4–609 and the public policy of Colorado:

> [W]e hold that the language and purpose of the UM/UIM statute require an insurer to provide UM/UIM benefits to a person insured under the policy when injured in an accident caused by an uninsured or underinsured motorist *without regard to the vehicle occupied by the insured at the time of injury.*

*DeHerrera v. Sentry Insurance Co., supra,* 30 P.3d at 169 (emphasis added). The court also noted the policy and purpose of UM/UIM coverage:

> Because of the important policy behind UM/UIM insurance to protect persons from the often-devastating consequences of motor vehicle accidents, we have concluded that great weight must be accorded this legislative intent. [w]e are also mindful of the nature of UM/UIM insurance coverage, the limits of which function, in effect, as a replacement for an uninsured or underinsured tortfeasor's automobile liability limits.

*DeHerrera v. Sentry Insurance Co., supra,* 30 P.3d at 174. Further, the court considered the precise language of § 10–4–609(1):

> The UM/UIM statute contains no provisions excluding protection for an insured based on the kind of vehicle an insured occupies at the time of injury. Rather, it simply states that UM/UIM coverage, if not waived by the named insured, must protect "persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured mo-

tor vehicles." This phrase, " 'persons insured thereunder' means that insurers must provide UM/UIM coverage for the protection of *persons* insured under the liability policy that the insurer is issuing." Thus, the statute provides coverage for *person;* it does not place geographical limits on coverage and does not purport to tie protection against uninsured motorists to occupancy in any kind of *vehicle.*

*DeHerrera v. Sentry Insurance Co., supra,* 30 P.3d at 175 (citations omitted). The court also considered an example similar to the facts in this case:

> We note that the argument can be made that requiring UM/UIM insurance irrespective of the vehicle occupied by an insured at the time of injury may encourage unjust results in particular circumstances. For instance, a family owning more than one vehicle may purchase insurance for only one vehicle, under the rule of this case, and yet recover UM/UIM benefits when struck by an uninsured motorist while occupying any of its owned but uninsured vehicles.... *However, the UM/UIM statute, unlike the No Fault Act, does not exclude UM/UIM coverage based on occupancy of an owned but uninsured vehicle* .... Therefore, we decline to adopt these exclusions because no such exclusions have been enacted by the General Assembly in the UM/UIM statute.

*DeHerrera v. Sentry Insurance Co., supra,* 30 P.3d at 176 (footnote omitted; emphasis added).

■ The supreme court's analysis relied heavily on the legislative intent behind § 10–4–609(1), but its conclusions are also supported by the unambiguous language of the statute itself. Section 10–4–609(1)(a) plainly states that UM/UIM coverage is "for the *protection of persons* insured [under the policy] who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom" (emphasis added). The operative event for coverage under the statute is an injury to an insured arising from an accident involving an at-fault, uninsured or underin-

sured motor vehicle. Under the statute, the status of the insured at the time of the accident, whether the occupant of the insured motor vehicle as operator or passenger, the occupant of a nonowned motor vehicle as operator or passenger, a pedestrian, or the operator of an owned but not insured vehicle, is not germane to the insurer's obligation to provide UM/UIM benefits.

Therefore, in our view, the "owned but not insured" exclusion is void as against the public policy of Colorado.

## II.

The second issue we must address is whether *DeHerrera* applies retroactively. We conclude that it does.

Generally, statutes operate prospectively, while judicial decisions are applied retroactively. *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982). However, judicial decisions may be limited to prospective effect under certain conditions. The threshold requirement for prospective application of a civil judicial decision is that it establish a new rule of law. *Loffland Bros. Co. v. Industrial Claim Appeals Panel*, 770 P.2d 1221 (Colo. 1989). To establish a new rule of law, a judicial decision must either overrule clear prior precedent on which the litigants have relied or must resolve an issue of first impression not clearly foreshadowed by prior precedent. *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100 (Colo.1992).

In a case of first impression before it, the supreme court in *DeHerrera* interpreted § 10–4–609(1), an unambiguous statute of long standing without substantive amendment, to mean that UM/UIM coverage is provided to insured persons without regard to occupancy in any specific vehicle. The court did not overrule any of its prior precedent, nor did it resolve an issue of first impression not clearly foreshadowed by prior precedent with respect to this type of exclusion. Therefore, although insurer and amici argue that the *DeHerrera* decision is a significant departure from the preexisting common understanding of the law by the insurance

industry, it did not change the law and should be applied retroactively.

Accordingly, the judgment is reversed, and the case is remanded for entry of judgment in favor of insured.

Judge ROTHENBERG and Judge TAUBMAN concur.