MEIERHENRY, Retired Justice
(dissenting).
[¶ 16.] I respectfully dissent and would hold that De Smet’s owned-but-not-insured exclusion is contrary to the plain meaning of the statute and is therefore void as against public policy. The South Dakota Legislature set forth the policy on under-insured motorist coverage in SDCL 58 — 11— 9.4 and SDCL 58-11-9.5. The Legislature required that all vehicle liability policies “issued or delivered” in South Dakota provide “underinsured motorist coverage ... at a face amount equal to the bodily injury limits of the policy.” SDCL 58-11-9.4.[6] The Legislature further required that “the insurance company agree to pay its own insured for uncompensated damages.” SDCL 58-11-9.5. SDCL 58-11-9.5 provides:
Subject to the terms and conditions of such underinsured motorist coverage, the insurance company agrees to pay its own insured for uncompensated damages as its insured may recover on account of bodily injury or death arising out of an automobile accident because the judgment recovered against the owner of the other vehicle exceeds the policy limits thereon. Coverage shall be limited to the underinsured motorist coverage limits on the vehicle of the party recovering less the amount paid by the liability insurer of the party recovered against.
(emphasis added). The public policy proclaimed in this statute is that the insurance company “agrees to pay its own insured for uncompensated damages.” Id. See Gloe v. Iowa Mut. Ins. Co., 2005 S.D. 29, ¶ 17, 694 N.W.2d 238, 245 (“[0]ur cases have noted that the purpose of UM7UIM coverage is to protect the insured party who is injured in an automobile accident by the negligence of an uninsured/underin-sured motorist.”). Therefore De Smet’s coverage should attach under this statute because Pourier was the insurer’s “own *453 insured” who had “uncompensated damages.”
[¶ 17.] Here, however, De Smet focuses on the first clause of SDCL 58-11-9.5, which it claims provides the ability not only to limit but also to nullify the Legislature’s main requirement to pay its insured for uncompensated damages. I disagree. The language “[sjubject to the terms and conditions of such underinsured motorist coverage” should not be used to deny coverage to an insured because the vehicle she was in was not insured by De Smet. See supra ¶ 6. This is a point that we have already recognized in Gloe v. Iowa Mut. Ins. Co., 2005 S.D. 29, ¶ 16, 694 N.W.2d 238, 244, wherein we stated that the “ ‘subject to the terms and conditions’ language of SDCL 58-11-9.5 [is] not intended to permit any restriction an insurer may wish to create” and that any “conditions and limitations imposed by the insurance company must be consistent with public policy.” (citations omitted). Therefore, I would conclude that the Legislature did not intend to allow De Smet to avoid paying its own insured in such a restrictive manner.
[¶ 18.] Pourier’s father paid premiums to cover her in the event she was injured by an underinsured driver. That is exactly what happened here. Underinsured coverage is intended to protect the insured. Further, there is no indication that De Smet’s insurance obligation is actuarially impacted simply because Pourier was driving a vehicle owned and insured by her mother. Pourier could have been a passenger in a friend’s car, in which case De Smet would have had to provide underin-sured coverage. See Jaimes v. State Farm Mut. Auto. Ins. Co., 53 P.3d 743, 747 (Colo.App.2002) (holding that the “owned but not insured” exclusion was void as against public policy).
[¶ 19.] Furthermore, De Smet’s attempt to avoid coverage based on the premise that its exclusion is reasonable to avoid extending coverage to other non-insured vehicles has no application here. Pourier was not attempting to insure one vehicle to get coverage on another. See supra ¶ 7. Rather, Pourier was in the common position of having divorced parents who both listed her as an insured driver. This situation should not be contorted to prevent coverage. I would hold that De Smet’s insurance policy’s exclusion violates SDCL 58-11-9.5 and is void as against public policy.
[¶ 20.] SEVERSON, Justice, joins this dissent.

. SDCL 58-11-9.4 provides as follows:
No motor vehicle liability policy of insurance may be issued or delivered in this state with respect to any motor vehicle registered or principally garaged in this state, except for snowmobiles, unless underinsured motorist coverage is provided therein at a face amount equal to the bodily injury limits of the policy. However, the coverage required by this section may not exceed the limits of one hundred thousand dollars because of bodily injury to or death of one person in any one accident and, subject to the limit for one person, three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident, unless additional coverage is requested by the insured. Any policy insuring government owned vehicles may not be required to provide underinsured motorist coverage.