Daniel T. KINSELLA, Plaintiff–
Appellant,

v.

FARMERS INSURANCE EXCHANGE,
Defendant–Appellee.

No. 90CA2168.

Colorado Court of Appeals,
Div. III.

Jan. 16, 1992.

The Mathis Law Firm, P.C., John F. Reha, Denver, for plaintiff-appellant.

Anderson, Campbell and Laugesen, P.C., Richard W. Laugesen, Denver, for defendant-appellee.

Opinion by Judge METZGER.

In this declaratory judgment action concerning the interpretation of the uninsured motorist provisions of an insurance policy, plaintiff, Daniel T. Kinsella, appeals the summary judgment entered in favor of defendant, Farmers Insurance Exchange. We affirm.

Plaintiff's minor son was seriously injured in an automobile accident with an uninsured motorist. Plaintiff was not present, nor did he witness the accident. The son's medical expenses were stipulated to exceed $200,000.

At the time of the accident, plaintiff and his family were insured under an automobile insurance policy issued by defendant. This policy provided uninsured motorist coverage with limits of $100,000 for "each person" and $300,000 for "each occurrence." Pursuant to this policy, defendant paid $100,000 in uninsured motorist benefits to plaintiff (in his capacity as his son's legal guardian) for the son's own personal injury claims. Defendant also paid $100,000, the maximum Personal Injury Protection benefits, on behalf of the son for medical and rehabilitation expenses.

Plaintiff then sought an additional $100,000 of uninsured motorist benefits for medical expenses he had incurred on his son's behalf, claiming that these damages were compensable to him personally in addition to the "each person" coverage limit applicable to the son. Defendant denied payment, asserting that plaintiff's claim fell within the policy limitation on uninsured motorist benefits for "bodily injury sustained by any person in any one occurrence." Therefore, defendant reasoned, plaintiff's claim was subsumed by the $100,000 of uninsured motorist benefits already paid on the son's personal injury claim.

Plaintiff brought a declaratory judgment action to determine the extent of defendant's liability, and each party filed a motion for summary judgment. The trial court determined that the policy language unambiguously limited the amount of uninsured motorist benefits recoverable here to $100,000. Noting that plaintiff's claim was derivative of his son's injury claim, and relying on *Arguello v. State Farm Mutual Automobile Insurance Co.*, 42 Colo.App. 372, 599 P.2d 266 (1979), the trial court ruled that the policy limits had been exhausted by the uninsured motorist benefits already paid on the son's personal injury claim and granted summary judgment in favor of defendant.

## I.

Plaintiff first contends that, as a parent, he has a separately cognizable claim for the medical expenses he has incurred as a result of the bodily injury to his dependent child and that, as an "insured person" under the policy, he is entitled to a separate recovery independent of the per person coverage limit. Plaintiff claims that the policy language did not unambiguously combine his claim with his son's personal injury claim in the $100,000 coverage limit for damages "for bodily injury sustained by any person." Thus, he argues he is entitled to an additional $100,000 within the $300,000 "each occurrence" limit. We disagree.

The policy limited uninsured motorist coverage as follows:

The limits of liability shown in the Declarations apply subject to the following:

1. The limit for 'each person' is the maximum for *bodily injury* sustained by any person in any one *occurrence*. Any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit.

. . . .

2. Subject to the limit for 'each person,' the limit for 'each *occurrence*' is the maximum combined amount for *bodily injury* sustained by two or more persons in any one *occurrence*.

3. Subject to the law of the *state* of the *occurrence*, we will pay no more than these maximums regardless of the number of vehicles insured, *insured persons,* claims, claimants, policies, or vehicles involved in the *occurrence.*

The limits of liability for uninsured motorist coverage shown in the Declarations were $100,000/each person and $300,000/each occurrence. The emphasized words above are specially defined in the policy, *e.g.,* "bodily injury" means "bodily injury to or sickness, disease or death of any person."

■ We acknowledge that a parent has a legally recognized claim for damages when his or her minor child has sustained physical injury. *Odell v. Public Service Co.,* 158 Colo. 404, 407 P.2d 330 (1965). This claim may include only economic damages, such as reimbursement for medical and other expenses incurred because of the child's injuries, *Odell v. Public Service Co., supra,* loss of household and similar services that the injured child would have rendered during his or her minority, *Colorado Utilities Corp. v. Casady,* 89 Colo. 168, 300 P. 606 (1931), and loss of the child's earnings and diminution of the child's earning capacity during minority. *Pawnee Farmers' Elevator & Supply Co. v. Powell,* 76 Colo. 1, 227 P. 836 (1924). *See also CJI–Civ.3d* 6:3 (1988). Plaintiff here is claiming medical expenses only.

■ Claims for collateral damages, though separate from the injured party's claim for his or her own personal injuries, are derivative thereto. *Lee v. Colorado Department of Health,* 718 P.2d 221 (Colo. 1986); *Pioneer Construction Co. v. Bergeron,* 170 Colo. 474, 462 P.2d 589 (1969); *Schaffner v. Smith,* 158 Colo. 387, 407 P.2d 23 (1965).

■ Derivative claims are a consequence of injury suffered by another. They depend upon the right of the injured party to recover and are subject to the same defenses available to the underlying personal injury claim. *Pioneer Construction Co. v. Bergeron, supra.* For example, the contributory or comparative negligence of the injured party operates to preclude or to reduce recovery for derivative claims. *See Lee v. Colorado Department of Health, supra* (loss of consortium damages reduced by percentage of injured spouse's comparative negligence); *see also Schaffner v. Smith, supra* (under contributory negligence scheme, parent was not able to recover on claim for expenses incurred in connection with child's injury if child found contributorily negligent). Likewise, a derivative claim is destroyed if the underlying personal injury action is unsuccessful on the merits. *See Lee v. Colorado Department of Health, supra.*

Plaintiff's medical expense claim is not based upon any separate bodily injury to him. He was not present at the accident. Absent a showing that plaintiff suffered bodily injuries, the $100,000 "each person" limit applies since only one person, plaintiff's son, suffered bodily injury and since plaintiff's claim is derivative. *See Green v. Mid–America Preferred Insurance Co.,* 156 Ariz. 265, 751 P.2d 581 (App.1987). Since the son's personal injury damages exhausted the policy limit for uninsured motorist benefits for bodily injury to one person, plaintiff may not recover on his separate, derivative claim.

## II.

Plaintiff also contends that the policy language is sufficiently ambiguous to afford him recovery. We agree with the trial court that the language of the policy is not ambiguous.

■ Insurance policies are contracts and are to be construed according to the general rules for construction of contracts. *Marez v. Dairyland Insurance Co.,* 638 P.2d 286 (Colo.1981). Courts may not rewrite an unambiguous policy nor force a strained construction in order to resolve it against the insurer. *See Chacon v. American Family Mutual Insurance Co.,* 788 P.2d 748 (Colo.1990).

■ The policy here plainly places the limit of liability for bodily injury sustained by any person at $100,000 maximum. The portion stating that any claim for loss of

consortium from the injury shall be included in that limit does not, as plaintiff contends, apply only to that derivative claim and not to his derivative claim for medical expenses. Rather, we view it as surplusage at best, since the immediately preceding sentence specifically limits recovery to $100,000 when, as here, only one person has sustained bodily injury.

■ And, contrary to plaintiff's assertions, the fact that he, too, is an "insured person" under the policy has no bearing on the coverage available. This is so because he did not suffer a bodily injury. Our conclusion is further supported by the policy language declaring that defendant will pay no more than the applicable maximums regardless of the number of insured persons or claims involved in the accident.

Plaintiff's reliance on *Sparks v. American Fire & Indemnity Co.*, 769 P.2d 501 (Colo.App.1989) is misplaced. The policy language in *Sparks* did not have a limitation like the one here; it did not require that recovery be limited to one who has sustained a bodily injury. Likewise, in *Lee v. Colorado Department of Health, supra,* a derivative claim was entitled to a separate per person limit because there the applicable definition of injury included property loss and other "nonbodily" injuries.

Courts in other jurisdictions have also denied a parent's claims for medical expenses when the policy's "each person" limit has been paid on the minor's personal injury claim. *See Lair v. American Family Mutual Insurance Co.*, 789 S.W.2d 30 (Mo.1990); *Creamer v. State Farm Mutual Automobile Insurance Co.*, 161 Ill. App.3d 223, 112 Ill.Dec. 748, 514 N.E.2d 214 (1987). *See generally* Annotation, *Consortium Claim of Spouse, Parent or Child of Accident Victim as Within Extended "Per Accident" Coverage Rather than "Per Person" Coverage of Automobile Liability Policy*, 46 A.L.R.4th 735 (1986).

We conclude that the policy language here unambiguously limits recovery "for bodily injury sustained by any person" to $100,000 and encompasses both a child's claim for personal injuries and a parent's derivative claim for medical expenses. Since defendant has already paid to plaintiff, in his capacity as guardian, the "each person" limit for "bodily injury sustained by any person," defendant has no further liability to plaintiff for his derivative damages claim. Thus, the trial court's entry of summary judgment was correct.

The judgment is affirmed.

CRISWELL and NEY, JJ., concur.