NOT DESIGNATED FOR PUBLICATION

No. 112,871

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ALLIANCE INDEMNITY COMPANY,
*Appellee*,

v.

WILLIAM KERNS and CHERITY KERNS,
*Appellants*.

MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL C. GURNEY, judge. Opinion filed November 20, 2015. Vacated and remanded with directions.

*Kathryn M. O'Shea*, of Hasty & Associates, L.L.C., of Overland Park, and *Edward C. Gillette*, of Gillette Law Firm, P.A., of Mission, for appellants.

*Mark B. Schaffer*, of Frischer & Schaffer, Chtd., of Overland Park, for appellee.

Before ATCHESON, P.J., SCHROEDER, J., and HEBERT, S.J.

*Per Curiam*:  This is a declaratory judgment action coming to us from the Johnson County District Court in which Alliance Indemnity Company sought a ruling on the stacking of uninsured motorist coverage under an insurance policy it had issued to William and Cherity Kerns. Because that precise issue has been decided in a civil suit the Kernses filed against Alliance and others in the Jackson County, Missouri, Circuit Court, we find this action to be moot. We, therefore, vacate the district court's ruling and remand with directions to dismiss the action without prejudice.

1

Given the odd circumstances of this litigation, we need not recount the factual and procedural history in detail. An overview suffices. In July 2011, Cherity Kerns was severely injured in a motor vehicle collision in Coffey County, Kansas. The Kernses obtained substantial default judgments in Johnson County against both the owner and the driver of the other vehicle, neither of whom had automobile liability insurance.

The Kernses then filed suit in Jackson County, Missouri, against Alliance and several other entities asserting the defendants' liability for some or all of the default judgment on various theories. In that case, the Kernses argued they should be permitted to recover more than the stated limit of uninsured motorist coverage under their policy with Alliance because they had insured multiple vehicles. This is commonly known as stacking coverage. Alliance responded to the Missouri suit, raising various defenses including lack of personal jurisdiction. Alliance also asserted Kansas law governs the interpretation of the insurance policy issued to the Kernses and precludes stacking. Alliance had already tendered the stated limit of uninsured motorist coverage in partial satisfaction of the default judgment.

After the Kernses sued in Jackson County, Alliance filed this declaratory judgment action under K.S.A. 60-1701, *et seq.*, in Johnson County asking for a judicial construction of the insurance policy's uninsured motorist coverage. The Kernses duly responded in this action. Alliance then asked the Jackson County Circuit Court to stay that part of the Kernses' Missouri action related to the uninsured motorist coverage, specifically to allow the Johnson County District Court to decide the issue. The circuit court agreed to do so.

In this case, the Johnson County District Court filed a detailed journal entry granting summary judgment to Alliance, finding K.S.A. 40-284(d) and the related caselaw preclude the stacking of uninsured motorist coverage. The district court cited *Eidemiller v. State Farm Mut. Auto. Ins. Co.*, 261 Kan. 711, 724, 933 P.2d 748 (1997),

2

and *Farmers Ins. Co. v. Jokan*, 30 Kan. App. 2d 1213, 1217, 1221, 57 P.3d 24 (2002), *rev. denied* 275 Kan. 963 (2003), among other decisions, in support of its ruling. The Kernses have appealed and argue simply that the district court should not have entertained a declaratory judgment action to decide an issue already before another court in another suit. That is an intriguing issue. But we need not consider or resolve it because developments in the Missouri suit have overtaken the declaratory judgment action.

In May 2015, the Jackson County Circuit Court issued a brief ruling holding: (1) under Missouri choice-of-law principles, Kansas law governs the interpretation of the policy Alliance issued to the Kernses; and (2) K.S.A. 40-284(d) "prohibits the stacking of uninsured motorist coverage." Thus, the circuit court, apparently without a request from the parties, lifted the stay to address the coverage issue. The circuit court decision, though terse, plainly resolves the question in favor of Alliance based on an independent review of substantive Kansas law. In other words, the Jackson County Circuit Court did not rely on, defer to, or otherwise consider the declaration of rights the Johnson County District Court made in this case in arriving at its own determination of Kansas law on stacking.

Under this set of circumstances, the issue presented in the declaratory judgment action has now become moot by virtue of the ruling on precisely the same issue in the Missouri suit. The Missouri ruling rendered the very purpose of the declaratory judgment action in securing a determination of the stacking question superfluous.

Declaratory judgment actions are not intended to address legal questions that have become moot as between the parties. See *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, Syl. ¶ 15, 179 P.3d 366 (2008) (A court will consider neither issues that have become moot nor issues that have yet to ripen into a "fixed and final shape."); 285 Kan. at 897 ("[A]ctual cases and controversies are still required" in suits seeking declaratory relief.); *Santa Rosa KM Assocs. v. Principal Life Ins. Co.*, 41 Kan. App. 2d 840, 858, 206 P.3d 40 (2009) (purpose of declaratory judgments "is to settle actual controversies"), *rev.*

3

*denied* 290 Kan. 1095 (2010). There may have been an actual legal controversy between the Kernses and Alliance over the scope of the policy's uninsured motorist coverage when Alliance filed this declaratory judgment action. But that ceased to be true with the ruling of the Jackson County Circuit Court. The circuit court ruling resolves the issue between the parties. That makes this action moot. The underlying legal question prompting the declaratory judgment action has otherwise been answered in an independent, preexisting proceeding between the parties. As a result, the parties legally stand where they would have had this action never been filed. So we have before us what now amounts to an impertinent exercise.

We, therefore, vacate the ruling of the district court and remand with directions that the district court dismiss this action without prejudice.