FILED
United States Court of Appeals
Tenth Circuit

September 7, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

YUDI HERNANDEZ,

     Plaintiff-Appellant,

v.

ELECTRIC INSURANCE
COMPANY,

     Defendant-Appellee.

No. 15-3317
(D.C. No. 6:15-CV-01170-JTM-
JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit
Judges.
_____

This appeal involves interpretation of a liability insurance policy's

limit. The policy limits the insured's liability to $100,000 "for all

damages, including damages for care, loss of services or death, arising out

of 'bodily injury' sustained by any one person in any one auto accident."

---

[*]     The parties have not asked for oral argument, and we conclude that
oral argument would not materially aid our consideration of the appeal. *See*
Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). Thus, we have decided the
appeal based on the briefs.

    Our order and judgment does not constitute binding precedent, except
under the doctrines of law of the case, res judicata, and collateral estoppel.
It may be cited, however, for its persuasive value under Fed. R. App. P.
32.1 and 10th Cir. R. 32.1.

Appellant's App'x at 54. We must decide whether the $100,000 limit applies separately to multiple claimants incurring damages because of the same person's injuries. We answer "no."

## 1.    Yudi Hernandez is injured in a car accident, and she and her father incur damages.

Ms. Yudi Hernandez, a minor, was injured in a car accident. Because Yudi was a minor, her father was responsible for paying her medical expenses, which exceeded $350,000. Yudi and her father settled with the driver's insurer, Electric Insurance Company. Electric agreed to pay Mr. Hernandez $100,000 and allow Yudi to file a declaratory judgment action to determine whether Electric was liable for another $100,000 "per person" limit to Yudi. Electric agreed to pay Yudi $100,000 if she prevailed in the declaratory judgment action.

In light of this agreement, Yudi filed a declaratory judgment action, claiming that the per-person limit separately applies to each person who incurs damage. Electric disagrees, stating that the liability limit covers all claims growing out of injuries to one person in the auto. The district court granted summary judgment to Electric, and Yudi appeals.

## 2.    We engage in de novo review and interpret the policy under Kansas law.

We review de novo the district court's ruling on summary judgment, using the same standard applicable in district court. *Red Panther Chem. Co. v. Ins. Co. of Pa.*, 43 F.3d 514, 517 (10th Cir. 1994). Applying this

standard, we determine whether a genuine issue exists on any material fact, viewing the evidence in the light most favorable to Yudi. *Id.* Through this view of the evidence, we engage in de novo review of the district court's interpretation of the insurance policy. *See Houston Gen. Ins. Co. v. Am. Fence Co.*, 115 F.3d 805, 806 (10th Cir. 1997) ("When the relevant facts are undisputed, we review the district court's interpretation of an insurance contract de novo.").

To interpret the policy, we apply state law. *Pub. Serv. Co. of Okla. v. Burlington N. R.R. Co.*, 53 F.3d 1090, 1096 (10th Cir. 1995). The parties agree that Kansas law governs. Thus, we follow Kansas law when interpreting the policy. *See Carolina Cas. Ins. Co. v. Nanodetex Corp.*, 733 F.3d 1018, 1022 (10th Cir. 2013) (applying the state law that both parties agreed was applicable). Kansas law requires us to ascertain the parties' intent. *Liggatt v. Emp'rs Mut. Cas. Co.*, 46 P.3d 1120, 1125 (Kan. 2002). "If the terms of the contract are clear, there is no room for rules of construction, and the intent of the parties is determined from the contract itself." *Id.*

We interpret the insurance policy from the perspective of a "reasonably prudent insured." *Am. Family Mut. Ins. Co. v. Wilkins*, 179 P.3d 1104, 1110 (Kan. 2008) (internal quotation marks omitted). The policy is ambiguous only if reasonably prudent insureds could interpret the language in different ways. *Id.* at 1109-10. If the policy language is

3

ambiguous, we adopt the construction most favorable to the insured. *Id.* at 1110.

**3.     The policy unambiguously limits Electric's liability to $100,000 for the damages Ms. Hernandez and her father sustained.**

The insurance policy provides:

> The limit of liability shown in the Declarations for each person for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident.

Appellant's App'x at 54. The declarations page of the policy shows a liability limit of $100,000 per person. Thus, the policy caps coverage at $100,000 for all damages sustained by any one person in a car accident. The policy limit on damages is broad: It covers all damages, including damages arising out of bodily injury to a single person. So, on its face, the policy caps the payout to $100,000 for everyone incurring damages arising out of a single person's bodily injury. Yudi and her father both sustained damages arising out of Yudi's bodily injuries. As a result, the claims by Yudi and her father must come out of the $100,000 limit.

Two aspects of the policy would lead any reasonably prudent insured to conclude that the $100,000 limit applies to everyone asserting a claim arising out of Yudi's injuries:

1.     The liability limit expressly includes damages relating to the care for someone injured in an accident.

4

2.      The policy acknowledges that the limit applies even if there are multiple claims.

First, the policy states that the liability limit applies to all damages for each person. The policy does not define damages, but makes clear that they can be sustained by persons not involved in the auto accident. For example, the policy states that the damages include those incurred in caring for another and the loss of services for those involved in the accident. Thus, the per-person limit applies to damages sustained by the father, as well as Yudi; the damages to both individuals are included in the per-person limit.

Second, the policy acknowledges the possibility of multiple claims, but states that the per-person limit is the most that Electric will pay "regardless of the number of [c]laims made." *Id*. In this way, the policy clarifies that the $100,000 limit applies even when more than one person submits a claim arising from bodily injuries sustained by someone involved in the accident.[1]

The Kansas Court of Appeals addressed a similar issue in *Farmers Insurance Co. v. Rosen ex rel. Rosen*, 839 P.2d 71 (Kan. App. 1992). There, the insured's liability limit was $100,000 per person. 839 P.2d at 72. The issue—like ours—was whether a separate liability limit applied for

---

[1]      We need not address Ms. Hernandez's assertion that the district court erred in characterizing her father's claim as a derivative claim akin to one for lack of consortium. That characterization has no bearing on our disposition.

parents who incurred damages (loss of consortium and medical expenses) because of their relationship to someone involved in an auto accident. *Id.* at 72, 74.

In addressing that issue, the Kansas Court of Appeals turned to the policy: "'The bodily injury liability limit . . . for "each person" is the maximum for bodily injury sustained by one person in any occurrence.'" *Id.* at 74 (quoting policy).

There is little difference between that policy language and the policy language here. Perhaps the only difference is that

- Electric's per-person limit broadly covers all damages arising out of bodily injury, while

- the *Rosen* policy was narrower, covering "bodily injury" rather than all damages "arising out of" bodily injury.

6



Thus, Electric's per-person limit casts a broader net than the policy language in *Rosen*. Electric's per-person limit includes the father's damages as long as they arise out of Yudi's bodily injury; the *Rosen* language covered the parents' claims only if they were for their child's bodily injury. In *Rosen*, the Kansas Court of Appeals concluded that this

narrower language unambiguously covered the parents' claims. It stands to reason that Electric's more inclusive per-person limit is also broad enough to cover the father's claims.

Yudi tries to distinguish *Rosen* on the ground that the *Rosen* policy narrowly defined "damages" as "the cost of compensating those who suffer bodily injury from an accident." *Id.* at 73 (ellipsis omitted). According to Yudi, the *Rosen* policy's narrow definition shows that individuals enjoyed coverage only if they suffered bodily injuries from the accident, whereas Electric's policy did not include any definition of "damages." This is a distinction without a difference. Though Electric's policy does not define "damages," the policy effectively restricts coverage to the bodily harm suffered by someone in an auto accident. Appellant's App'x at 52. In turn, "[b]odily injury" is defined as "bodily harm, sickness or disease." *Id.* at 51. As a result, the Electric policy restricts damages to Yudi's bodily harm. That is precisely how Yudi describes the effect of the policy language in *Rosen*.

*Rosen* is persuasive as to how the Kansas Supreme Court would interpret this policy. *See State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008) (noting that a decision of the state's intermediate appellate court is persuasive, but is not dispositive of how the state supreme court would decide the issue). Together with *Rosen*, our own reading of the policy convinces us that under Kansas law, the policy

provided a $100,000 limit for all claims submitted by Yudi and her father. As a result, we affirm the district court's award of summary judgment to Electric.

Entered for the Court


Robert E. Bacharach
Circuit Judge