NOT DESIGNATED FOR PUBLICATION

No. 116,203

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

YUDI HERNANDEZ,
*Appellant*,

v.

FARMERS INSURANCE COMPANY, INC.,
*Appellee*.

MEMORANDUM OPINION

Appeal from Cowley District Court; JAMES T. PRINGLE, judge. Opinion filed August 4, 2017. Affirmed.

*Stephen L. Brave*, of Brave Law Firm, LLC, of Wichita, for appellant.

*Craig Kennedy*, of Kennedy & Willis, of Wichita, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

*Per Curiam*: Yudi Hernandez filed this declaratory judgment action in Cowley County District Court seeking interpretation of an automobile insurance policy issued by Farmers Insurance Company, Inc. (Farmers), which limits the insured's liability for bodily injury to $50,000 per person. Yudi and her father each had filed claims against Farmers' insured and argued that they were both eligible to receive the maximum per-person limit of $50,000. The district court entered summary judgment in favor of Farmers, holding that the $50,000 limit did not apply separately to multiple claimants

1

who incurred damages resulting from the same person's injuries. For the reasons stated below, we affirm.

FACTS

On June 13, 2013, Yudi, a minor, was a passenger in a car accident that occurred in Cowley County, Kansas. Yudi filed a personal injury suit against (1) Sarah Banta, the driver of the car in which Yudi was riding; (2) Bryce Venable, the minor driver of the other vehicle involved in the accident; and (3) Gregory Venable, Bryce's father. Ernesto Hernandez, Yudi's father, also was named as a plaintiff in the case. Ernesto sought recovery of expenses he incurred paying for Yudi's medical care.

At issue in this suit are Yudi's and Ernesto's claims against the Venables. The Venables were insured by a policy issued by Farmers, which provided bodily injury coverage of $50,000 per person and bodily injury coverage of $100,000 per occurrence. Yudi and Ernesto argued that they each were entitled to separate $50,000 recoveries under the terms of the policy.

Yudi, Ernesto, and Farmers entered into a settlement agreement releasing the Venables. The parties stipulated that Ernesto incurred substantial medical expenses on Yudi's behalf. Farmers agreed to pay the per-person policy limit of $50,000 to Ernesto and Yudi would be entitled to pursue a declaratory judgment action against Farmers in order to determine whether Farmers owed another $50,000 per-person limit to Yudi.

Yudi filed a declaratory judgment action, seeking to resolve the rights and obligations of the parties. Farmers answered, claiming that payment of the $50,000 to Ernesto for Yudi's medical bills exhausted the bodily injury liability limits available under the policy. The parties filed competing motions for summary judgment in which they argued their respective positions.

2

The district court ultimately granted summary judgment in favor of Farmers. Relying primarily on *Farmers Ins. Co. v. Jokan*, 30 Kan. App. 2d 1213, 57 P.3d 24 (2002), and *Farmers Ins. Co. v. Rosen*, 17 Kan. App. 2d 468, 839 P.2d 71 (1992), the court concluded that "a minor parent's claim for recovery of the minor's medical expenses under the terms of an automobile liability policy do not make the parent a separate 'person' for purposes of recovering more than the policy limits of liability for 'bodily injury' 'per person.'"

ANALYSIS

On appeal, Yudi argues the district court erred by granting summary judgment in favor of Farmers. Specifically, she contends that the court erroneously interpreted the insurance policy to find that the $50,000 per-person policy limit did not separately apply to the claims submitted by her and Ernesto.

"'Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' [Citation omitted.]" *Drouhard-Nordhus v. Rosenquist*, 301 Kan. 618, 622, 345 P.3d 281 (2015). Where, as here, there is no factual dispute, appellate review of a summary judgment order is de novo. *Martin v. Naik*, 297 Kan. 241, 246, 300 P.3d 625 (2013). Additionally, appellate courts exercise unlimited review over the interpretation and legal effect of written instruments and are not bound by the lower court's interpretation of those instruments. *Prairie Land Elec. Co-op v. Kansas Elec. Power Co-op*, 299 Kan. 360, 366, 323 P.3d 1270 (2014); see *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 707, 317 P.3d 70 (2014) (appellate courts exercise unlimited review over interpretation of insurance policy).

"'The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction.'" *Stechschulte v. Jennings*, 297 Kan. 2, 15, 298 P.3d 1083 (2013). When interpreting an insurance policy, a court should review the policy as a whole and endeavor to ascertain the intent of the parties from the language used, taking into account the parties' situation, the subject matter of the policy, and the purpose to be accomplished. Insurance policy language is reviewed by what a reasonably prudent insured would understand the language to mean, not by what the insurer intended the language to mean. To the extent that an insurance policy is ambiguous, the ambiguity is construed against the insurance company. *Bussman*, 298 Kan. at 707.

Under the policy at issue in this case, Farmers agreed: "We will pay **damages** for which any **insured person** is legally liable because of **bodily injury** to any person, and/or **property damage** arising out of the ownership, maintenance or use of a **private passenger car**, a **utility car**, or a **utility trailer**." The policy defined "bodily injury" as "bodily injury to or sickness, disease or death of any person." The declarations page of the policy indicated that Farmers agreed to liability limits for bodily injury to $50,000 per person and $100,000 per occurrence. Finally, the policy set out a "Limits of Liability" clause, which stated:

> "The limits of liability shown in the Declarations page apply subject to the following:
>
> "1. The **bodily injury** liability limit for 'each person' is the maximum for **bodily injury** sustained by one person in any **occurrence**. Any claim for loss of consortium or injury to the relationship arising from this injury shall be included in this limit.
>
> "2. Subject to the **bodily injury** liability limit for 'each person' the **bodily injury** liability for 'each occurrence' is the maximum combined amount for **bodily injury** sustained by two or more persons in any **occurrence**.
>
> "3. The **property damage** liability limit for 'each **occurrence**' is the maximum for all **damages** to all property in any one **occurrence**.

4

"4.  We will pay no more than the maximum limits provided by this policy regardless of the number of vehicles insured, **insured persons**, claims, claimants or policies, or vehicles involved in the **occurrence**."

Yudi argues that Ernesto's claim for medical expenses was separate and distinct from her bodily injury claim, so they cannot be considered to be the same "person" under the terms of the policy. Yudi asserts that while she was entitled to recover damages under the policy, Ernesto could not because he did not sustain bodily injury or make any claim for loss of consortium or injury to the relationship. As a result, Yudi contends that Farmers should not be allowed to avoid its obligation to cover her claim by settling a claim with Ernesto, who was not actually covered.

But the issues presented by Yudi recently were resolved by the Tenth Circuit Court of Appeals, where the court interpreted a policy similar to the one presented here in a federal lawsuit brought by Yudi arising out of the same automobile accident. See *Hernandez v. Electric Insurance Company*, 659 Fed. Appx. 500 (10th Cir. 2016) (unpublished opinion). In that case, Yudi and Ernesto each brought claims against Banta, with Ernesto seeking to recover medical expenses incurred in Yudi's medical care exceeding $350,000. Banta was insured by a policy issued by Electric Insurance Company (Electric) with bodily injury coverage of $100,000 per person. Yudi and Ernesto settled with Electric, which agreed to pay Ernesto $100,000 and allowed Yudi to file a declaratory judgment action to determine whether Electric was liable for another $100,000 per-person limit to Yudi under the terms of the insurance policy. The district court granted summary judgment in favor of Electric. 659 Fed. Appx. at 501; see *Hernandez v. Electric Insurance Company*, No. 15-1170-JTM, 2015 WL 7274038 (D. Kan. 2015) (unpublished opinion).

On appeal to the Tenth Circuit, the court reviewed the specific terms of Electric's policy, which provided that the $100,000 per-person bodily injury coverage was the

5

maximum limit of liability "for all damages, including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one auto accident." *Hernandez*, 659 Fed. Appx. at 502. The policy went on to state that the per-person limit was the most that Electric will pay "'regardless of the number of [c]laims made.'" 659 Fed. Appx. at 502. As a result, the court concluded that the $100,000 limit applied to everyone asserting a claim arising out of Yudi's injuries:

> "First, the policy states that the liability limit applies to all damages for each person. The policy does not define damages, but makes clear that they can be sustained by persons not involved in the auto accident. For example, the policy states that the damages include those incurred in caring for another and the loss of services for those involved in the accident. Thus, the per-person limit applies to damages sustained by the father, as well as Yudi; the damages to both individuals are included in the per-person limit.
>
> "Second, the policy acknowledges the possibility of multiple claims, but states that the per-person limit is the most that Electric will pay 'regardless of the number of [c]laims made.' [Citation omitted.] In this way, the policy clarifies that the $100,000 limit applies even when more than one person submits a claim arising from bodily injuries sustained by someone involved in the accident." 659 Fed. Appx. at 502.

In support of its conclusion, the Tenth Circuit cited this court's decision in *Rosen*, where we addressed whether a separate liability limit applied for the parents of a minor, who incurred damages when the minor was involved in an automobile accident. The Tenth Circuit noted that the only difference between Electric's policy and the policy in *Rosen* was that the *Rosen* policy covered "'bodily injury'" rather than covering all damages "'arising out of'" bodily injury. *Hernandez*, 659 Fed. Appx. at 503. Because we held that the narrower language in the *Rosen* policy unambiguously covered the parents' claims for loss of consortium and medical expenses, "Electric's more inclusive per-person limit is also broad enough to cover the father's claims." *Hernandez*, 659 Fed. Appx. at 504. The Tenth Circuit concluded that under Kansas law, Electric's policy provided a

$100,000 limit for all claims submitted by Yudi and Ernesto and affirmed the district court's grant of summary judgment to Electric. 659 Fed. Appx. at 504.

The Tenth Circuit's decision in *Hernandez* is well reasoned and readily applicable to the present case. The Farmers policy states that the liability limit applies to "**damages** for which any **insured person** is legally liable because of **bodily injury** to any person . . . arising out of the ownership, maintenance or use of a **private passenger car**." Like the policy at issue in *Hernandez*, the Farmers policy did not define the term "damages," but clearly contemplated that damages could be sustained by persons not involved in the automobile accident, stating that "any claim for loss of consortium or injury to the relationship arising from this injury shall be included" in the per-person bodily injury liability limit. The policy's language did not specifically limit such claims to only those listed. Also like the policy at issue in *Hernandez*, the Farmers policy expressly stated that the $50,000 limit applies regardless of the number of claims made. The Farmers policy is identical to the policy language in *Rosen*, where we held that the policy unambiguously provided that claims of a minor's parents for loss of consortium and medical bills and expenses were subject to the policy's per-person liability limit applicable to the minor's claim. *Rosen*, 17 Kan. App. 2d at 469-70, 474; see *Jokan*, 30 Kan. App. 2d at 1217-18 (relying on *Rosen* to reach same conclusion). A reasonably prudent insured would understand that the unambiguous terms of the Farmers policy provide a $50,000 limit for all claims submitted by Yudi and Ernesto. See *Bussman*, 298 Kan. at 707. As a result, the district court properly granted summary judgment in favor of Farmers.

Affirmed.